**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
CHARLES D. AUSTIN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

July 11, 2024

LETTER TO ALL COUNSEL OF RECORD

Re:   *Kareem H. v. Martin O'Malley, Commissioner, Social Security Administration*[1]
      Civil No. 23-1493-CDA

Dear Counsel:

On June 2, 2023, Plaintiff Kareem H. ("Plaintiff") petitioned the Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny his claim for Social Security benefits. ECF 1. This case was then referred to a magistrate judge with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). The Court has considered the administrative record (ECF 8), the parties' briefs (ECFs 11, 15), and Plaintiff's Motion for Remand (ECF 11). No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). The Court must uphold the SSA's decision if it is supported by substantial evidence and if the SSA employed proper legal standards. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). For the reasons explained below, the Court will GRANT Plaintiff's Motion for Remand, REVERSE the SSA's decision, and REMAND the case to the SSA for further consideration.

I. **PROCEDURAL BACKGROUND**

Plaintiff protectively filed applications for disability insurance benefits and supplemental security income benefits on July 22, 2020, alleging a disability onset of January 1, 2018. Tr. 23. Plaintiff's claims were denied initially and on reconsideration. *Id.* On September 28, 2022, an Administrative Law Judge ("ALJ") held a hearing. Tr. 38–71. On November 3, 2022, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 20–37. The Appeals Council denied Plaintiff's request for review, Tr. 1–7, so the ALJ's decision is final for purposes of judicial review, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

II. **THE ALJ'S DECISION**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can

---

[1] Plaintiff filed this case against Kilolo Kijakazi, the Acting Commissioner of Social Security, on June 2, 2023. ECF 1. Because Martin O'Malley became the Commissioner of Social Security on December 20, 2023, the Court substitutes him as Defendant. *See* Fed. R. Civ. P. 25(d).

[2] 42 U.S.C. §§ 301 et seq.

be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The SSA evaluates disability claims using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. Under this process, an ALJ determines, in sequence, whether a claimant: "(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012).

Here, at step one, the ALJ determined that Plaintiff has not engaged in substantial gainful activity since January 1, 2018. Tr. 26. At step two, the ALJ found that Plaintiff suffered from "the following severe impairments: degenerative disc disease and left shoulder degenerative joint disease." *Id.* The ALJ also determined that Plaintiff suffered from the following non-severe impairments: "left leg wounds" and a "left hand and wrist fracture." *Id.* At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals" the severity of a listed impairment. *Id.* The ALJ determined that Plaintiff had the residual functional capacity ("RFC") to:

> perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except can lift, carry, push, and pull 50 pounds occasionally and 25 pounds frequently; sit for 6 hours in an 8-hour workday; stand and walk for 6 hours in an 8-hour workday; frequently reach, handle, finger, and feel bilaterally; occasionally climb ropes, ladders, or scaffolds; occasionally climb ramps and stairs; occasionally balance, stoop, kneel, crouch, and crawl.

Tr. 27. The ALJ concluded that Plaintiff was not disabled because he could perform his past relevant work as well as jobs existing in significant numbers in the national economy. Tr. 30–32.

### III. LEGAL STANDARD

The Court's review is limited to determining whether substantial evidence supports the ALJ's findings and whether the ALJ applied the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). The ALJ's factual findings are conclusive if they are supported by "substantial evidence," 42 U.S.C. § 405(g), which is "evidence [that] a reasoning mind would accept as sufficient to support a particular conclusion," *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla" and "somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, the Court considers whether the ALJ "analyzed all evidence" and "sufficiently explained the weight [they have] given to obviously probative exhibits[.]" *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439 (4th Cir. 1997).

### IV. ANALYSIS

On appeal, Plaintiff argues that the ALJ erroneously evaluated his subjective complaints and RFC. ECF 11, at 3–20. With respect to RFC, Plaintiff contends that: (1) the ALJ contravened Social Security Ruling ("SSR") 96-8p by failing to support each conclusion reached in the RFC

assessment; (2) the ALJ "improperly performed a symptom-based analysis, rather than a proper function-by-function assessment"; and (3) the ALJ failed to properly evaluate Plaintiff's alleged somatoform disorder. *Id.* at 9–20. Defendant counters that the ALJ "considered Plaintiff's subjective complaints and cited to substantial evidence to support [the RFC] finding." ECF 15, at 6. Defendant further avers that Plaintiff's argument regarding an alleged somatoform disorder does not warrant remand because "there were no functional limitations associated with this non-severe, non-diagnosed impairment." *Id.* at 17.

When assessing RFC, an ALJ considers the effects of each medically determinable impairment, including those that are not severe. 20 C.F.R. §§ 404.1545, 416.945. To be "medically determinable," an impairment "must be established by objective medical evidence from an acceptable medical source." *Id.* §§ 404.1521, 416.921. The SSA defines "objective" evidence as "anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques." *Id.* §§ 404.1521, 416.921.

Here, at step two, the ALJ noted that Plaintiff "was suspected of having a somataform [sic] disorder." Tr. 26 (citing Exhibit 2F). But, because "there were no clinical findings of the same and [there was] no definite diagnosis of the same," the ALJ concluded that somatoform disorder was not medically determinable. *Id.* The ALJ further explored the issue later in the decision:

> [I]n some cases the providers considered, but never diagnosed[,] a somataform [sic] disorder, described in listing 12.07 as: "symptoms of altered voluntary motor or sensory function that are not better explained by another medical or mental disorder; one or more somatic symptoms that are distressing, with excessive thoughts, feelings, or behaviors related to the symptoms; or preoccupation with having or acquiring a serious illness without significant symptoms present." Thus[,] expressly or implicitly, at least some providers did not find the objective evidence consistent with the symptoms. However as there is no clear formal diagnosis of somatoform disorder (which the representative agreed with as reflected by the hearing record), this condition was neither severe nor non-severe, rather it was not a medically determinable impairment.

Tr. 28.

The ALJ found that somatoform disorder was not medically determinable on the basis that no diagnosis existed. But diagnoses are irrelevant to whether a disorder is medically determinable: an ALJ may not use "a statement of symptoms, a diagnosis, or a medical opinion to establish the existence of" an impairment. 20 C.F.R. §§ 404.1521, 416.921. Moreover, the ALJ's assertion that the record lacks a diagnosis of somatoform disorder is inaccurate. The record reflects an "ED Diagnosis" for "Somatoform disorder F45.9" that was recorded on November 21, 2019. Tr. 420.

The ALJ also determined that somatoform disorder was not medically determinable on the grounds that there were no clinical findings of the impairment. *See* Tr. 26. To be sure, an ALJ must base a finding of medical determinability upon objective evidence in the form of clinical or laboratory findings. 20 C.F.R. §§ 404.1521, 416.921. But here, despite the ALJ's assertion to the

contrary, the record *does* contain relevant clinical findings. A November 2019 treatment note contains the following annotation: "Clinical Compression somatoform disorder." Tr. 420. The ALJ's failure to discuss this "obviously probative" evidence deprives the Court of the analysis necessary to conclude that the ALJ's finding was supported by substantial evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439 (4th Cir. 1997).

Defendant's counterarguments (and understanding of the relevant facts) lack merit. Defendant asserts that the ALJ "found . . . non-severe impairments including somatoform disorder." ECF 15, at 5; *see also id.* at 13 ("[T]he ALJ adequately explained how the evidence supported his conclusion that Plaintiff's somatoform [disorder] was non-severe[.]"). However, the ALJ determined that somatoform disorder was not medically determinable, so they reached no conclusion with respect to the disorder's severity. *See* Tr. 28. Defendant also contends that Plaintiff's argument regarding somatoform disorder is unavailing because Plaintiff alleged no functional limitations in connection with the disorder. ECF 15, at 13, 17. The Court disagrees. SSR 96-8p makes clear that limitations resulting from impairments may derive either from a claimant's allegations or from "information in the case record that there is such a limitation[.]" SSR 96-8p, 1996 WL 374184, at *3 (July 2, 1996). Whether such information exists is for the ALJ to determine in the first instance. *See King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979).

In sum, the ALJ's findings concerning somatoform disorder were not supported by substantial evidence or the application of proper legal standards. Because an ALJ may only consider medically determinable impairments when assessing RFC, the ALJ's errors were not harmless. *See Ruth B. v. Kijakazi*, No. 20-457, 2021 WL 8527625, at *5 (W.D. Va. Oct. 29, 2021). Remand is thus warranted. Because the Court reverses the ALJ's decision on these grounds, it does not address Plaintiff's other arguments. In remanding for further analysis, the Court expresses no opinion concerning the ALJ's ultimate conclusion that Plaintiff is not disabled.

## V. CONCLUSION

For the reasons set forth herein, Plaintiff's Motion for Remand (ECF 11) is GRANTED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge